# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 410 | **DATE** | 2/22/2011 |
| **CASE TITLE** | Michael A. Harris (R-32032) vs. David Redniour | | |

**DOCKET ENTRY TEXT**

The docket reflects that Petitioner has already paid the filing fee. Therefore, Petitioner's motion for leave to proceed *in forma pauperis* is denied as moot. Petitioner's motion for appointment of counsel [4] is denied. Respondent is given until 03/23/11 to answer, move or otherwise plead to petitioner's petition for writ of habeas corpus. In the event the respondent answers petitioner's petition, petitioner is given until 04/25/11 to file his reply in further support of his petition. Should respondent move to dismiss, petitioner is given until 04/25/11 to file his response and respondent is given until 05/02/11 to file his reply in further support of his motion to dismiss. Status hearing set for 07/28/11 at 9:00 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Michael A. Harris' (Harris) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. The docket reflects that Harris has already paid the filing fee. Therefore, Harris' motion for leave to proceed *in forma pauperis* is denied as moot.

Harris also moves for appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for a petitioner seeking habeas relief pursuant to 18 U.S.C. § 3006A(a)(2)(B). When determining whether to appoint counsel for a habeas petitioner, the court considers substantially the same factors as in other types of civil cases. *See, e.g., Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983)(citation omitted).

In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to

be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

Harris' case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Harris' ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Harris is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny Harris' motion for appointment of counsel.