# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 11 C 410 |
| | ) |
| DAVID REDNOUR, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Michael Harris' petition for writ of habeas corpus (Petition). For the reasons stated below, the Petition is denied.

## BACKGROUND

In 2004, in a bench trial in Illinois state court, Harris was acquitted on some charges and was found guilty of murder. Harris was sentenced to six concurrent forty-five-year terms of imprisonment. Harris appealed the conviction, his appeal was denied and his petition for leave to appeal (PLA) to the Illinois Supreme Court was denied on January 24, 2007. In December 2007, Harris filed a post-conviction petition, which was dismissed. Harris appealed, the appeal was denied, and on

1

January 26, 2011, Harris's PLA was denied on his post-conviction petition. In addition, on July 20, 2009, Harris filed a motion for leave to file a successive state post-conviction petition, which was denied and his appeal on that denial is still pending. Harris brings the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S.

685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

I. Additional Motions

The parties have filed several additional motions that are pending in these proceedings. Harris has filed a supplemental reply brief, which was untimely. However, since Harris is proceeding *pro se* the court will consider the filing as a motion for leave to extend the deadline for filing a reply brief and the motion is granted. Respondent has filed a motion for leave to file instanter a sur-reply and that motion is granted.

Finally, Harris has filed a motion for leave to amend the Petition. The briefing regarding the Petition has been fully briefed, including a reply and sur-reply. Although Harris entitled his motion as a "Motion for Leave to Amend the Petition for Habeas Corpus," Harris has not provided sufficient justification for amending the Petition at this juncture and merely continues to oppose Respondent's arguments.

Harris states in the motion, for example that he "urges this Honorable Court to reject [R]espondent's view of a "procedural default. . . ." (Mot. Am. 8). Harris has not submitted a proposed amended Petition and has not shown that he has any additional claims or alterations of his existing claims that have any merit. Although a habeas petition can be amended and supplemented pursuant to 28 U.S.C. § 2242 and Federal Rule of Civil Procedure 15, Harris has not shown that his motion to amend should be granted and the motion is denied. The court also notes that even when considering the arguments included in Harris' motion to amend regarding the merits of his claims, Harris has not shown that he should be given any relief under 28 U.S.C. § 2254.

II. Procedural Default

Respondent contends that all of Harris' claims in his Petition are procedurally defaulted. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have

"procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review" and that "[t]he penalty for failing to fully and fairly present . . . arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025). In addition, "[w]hen a state court denies a prisoner relief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003).

In the habeas context, a petitioner is deemed to have presented an argument to a state court only if the petitioner "articulat[ed] both the operative facts and applicable law. . . ." *Johnson*, 574 F.3d at 431; *see also Byers*, 610 F.3d at 985 (stating that "[a] petitioner must fairly present his federal claims to the state courts by arguing both the law and the facts underlying them").

Since Harris is proceeding *pro se*, this court has liberally construed Harris' *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the petitioner] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Harris includes the following claims in the Petition: (1) that the indictment violates double jeopardy protections, and fails to state facts sufficient to constitute first degree murder (Claim 1), (2) that the trial court subjected Harris to double jeopardy by refusing to grant his motion for directed findings, (3) that Harris' acquittal on the felony murder count divested the trial court of authority to convict him of murder under any theory and rendered his sentence void, (4) that the state appellate court's judgment is somehow void, and (5) that the State of Illinois deprived Harris of notice and a fair opportunity to present a defense by constructively amending the indictment at trial.

The record reflects that none of the above claims were raised to the intermediate Illinois Appellate Court. (Ex. A, G). Thus, Harris failed to present such arguments in one complete round of the state appellate process. Also, even if the court were to consider the motion by Harris for leave to file a successive post-conviction petition, it would not alter the procedural default since Harris did not raise

any of the above claims in his pending appeal. (Ex. M).

Harris also contends in his supplemental reply brief that he filed *pro se* supplemental briefs in the state court, in which he contends he raised claims that are in the Petition. However, Respondent has provided portions of the record showing that Harris was represented by counsel on direct appeal and that on June 12, 2009, the state court denied Harris' request to file additional *pro se* briefs. Respondent also points out that Harris' additional filings violated the state court rule limiting the number of briefs to one brief per party. Thus, Respondent has shown that all of the claims presented in the Petition are procedurally defaulted.

III. Lack of Justification for Procedural Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the defaults of the claims in the Petition. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim

would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that a "default [can] be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").

Respondent argues that Harris has not shown cause and prejudice to excuse the defaulted claims in his Petition. Generally, in order to show cause for defaulted claims, a petitioner must show "that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor*, 628 F.3d at 887 (quoting *Lewis,* 390 F.3d at 1026). A petitioner can establish prejudice by "showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (quoting *Lewis,* 390 F.3d at 1026)(emphasis in original). In the instant action, Harris has not provided facts showing that he was prevented from presenting his claims in a manner that would have avoided the procedural default. Thus, Harris has not shown

cause and prejudice. Nor has Harris shown actual innocence or a fundamental miscarriage of justice to excuse the procedural default. Based on the above, the Petition is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 21, 2011