# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 410 | **DATE** | 12/13/2011 |
| **CASE TITLE** | Michael A. Harris (R-32032) vs. David Redniour | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion for certificate of appealability [36] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Michael Harris' (Harris) request for a certificate of appealability. On October 21, 2011, the court denied Harris' petition for a writ of *habeas corpus* (Petition) brought pursuant to 28 U.S.C. § 2254. On November 14, 2011, Harris filed a *pro se* notice of appeal and a *pro se* request for a certificate of appealability.

If a court denies a petition for writ of *habeas corpus* and the petitioner wishes to appeal, thereby challenging the decisions made by the state trial courts, the petitioner must first attempt to obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In denying Harris' Petition, the court concluded that since Harris failed to properly raise his arguments in the state courts, his claims were procedurally defaulted. In Harris' request for a certificate of

| STATEMENT |
|---|

appealability, Harris continues to argue the merits of his claims, failing to show that his claims were properly raised in the state court and are not procedurally defaulted.

A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that a "default [can] be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Harris has not shown cause and prejudice relating to the procedurally defaulted claims in his Petition. Nor has Harris shown his actual innocence or that a miscarriage of justice will occur unless the procedural default is excused.

Harris has not made a substantial showing of the denial of a constitutional right. Nor has Harris shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Therefore, the request for a certificate of appealability is denied.